UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| SALWA KANDALAFT | ) | Case Number |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | CIVIL COMPLAINT |
| | ) | |
| MONEY RECOVERY NATIONWIDE | ) | |
| d/b/a NATIONWIDE COLLECTION | ) | |
| AGENCIES, INC. | ) | |
| | ) | JURY TRIAL DEMANDED |
| **Defendant** | ) | |
| | ) | |

COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Salwa Kandalaft, by and through her undersigned counsel,

Joseph Bernwanger, Esquire, complaining of Defendant, and respectfully avers as follows:

I. **INTRODUCTORY STATEMENT**

1.      Plaintiff, Salwa Kandalaft, is an adult natural person and she bring this action for

actual and statutory damages and other relief against Defendant for violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"),  which prohibits debt collectors

from engaging in abusive, deceptive and unfair practices.

II. **JURISDICTION**

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §

1337.

3.      Venue in this District is proper in that the Plaintiff resides in this District and the

Defendant maintains a primary address in the District.

### III.  PARTIES

4.      Plaintiff, Salwa Kandalaft, is an adult natural person residing at 2908 Dearborn

Avenue, Flint, Michigan 48507.  At all times material and relevant hereto, Plaintiff is a

"consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Money Recovery Nationwide d/b/a Nationwide Collection Agencies,

Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business

of collecting debt within the State of Michigan with a primary office located at 801 S. Waverly

Road, #100, Lansing, Michigan 48917.

6.      Defendant is engaged in the collection of debts from consumers using the

telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a

(6).

### IV.  FACTUAL ALLEGATIONS

7.      In or around May, 2010, Plaintiff started to receive calls to her home from the

Defendant collecting on alleged medical bills said to be owed to McLaren Hospital.

8.      Defendant did not specify how much money the Plaintiff owed.

9.      Defendant however, demanded the payment be paid in full that day by the

Plaintiff.

10.     During the first call, Plaintiff informed the Defendant that she had retained the services of personal legal counsel and that the Defendant would need to call her attorney directly in this matter.

11.     Defendant informed the Plaintiff that they were aware that she had an attorney, but they were not going to work with them, because the Plaintiff's attorney would try to pay less than fifty percent (50%) of the debt owed.

12.     Plaintiff ended the call.

13.     Defendant continued to call and try to collect from the Plaintiff.

14.     On or about May 19, 2010, Plaintiff's attorney sent a cease and desist letter to the Defendant.  **See "EXHIBIT A" (letter) attached hereto**.

15.     Plaintiff continued to receive calls from the Defendant.

16.     Defendant continued to refuse to work with Plaintiff's attorney.

17.     On or about January 28, 2011, Defendant called the Plaintiff and demanded payment again in full.

18.     Plaintiff informed the Defendant that her husband was out of work and that she could not afford to make a payment at this time because she was solely supporting the five (5) people in her household.

19.     Defendant responded to the Plaintiff that this was not the Defendant's problem and that the Plaintiff chose to take care of all of these people.

20.     Defendant told the Plaintiff that she still needed to find a way to pay off her debt.

21.     Plaintiff again instructed Defendant to contact her legal counsel to help negotiate a settlement on this account.

22.     Plaintiff was threatened with garnishment if she failed to pay this debt.

23.     Defendant threatened to freeze the Plaintiff's checking account if she did not pay.

24.     Defendant told Plaintiff that the Defendant was aware of where she worked and the Defendant would contact her employer to garnish her wages.

25.     Plaintiff continued to receive daily calls from the Defendant.

26.     As of the filing of this complaint, Plaintiff has never received anything in writing from the Defendant regarding this debt.

27.     The Plaintiff suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

28.     As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

29.     The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

30.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

31.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

32.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff reputation, invasion of privacy, damage to Plaintiff credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

<b><u>COUNT I – FDCPA</u></b>

33.     The above paragraphs are hereby incorporated herein by reference.

34.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

35.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(2): | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(c): | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |

| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| --- | --- |
| §§ 1692e(4): | Nonpayment of any debt will result in garnishment or attachment |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send the consumer 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Money Recovery Nationwide d/b/a Nationwide Collection Agencies, Inc., for the following:

a.   Actual damages;

b.   Statutory damages pursuant to 15 U.S.C. § 1692k;

c.   Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.   Such additional and further relief as may be appropriate or that the interests of justice require.

<u>**COUNT II**</u>

<u>**REGULATION OF COLLECTION PRACTICES ACT 70 OF 1981**</u>

<u>**VIOLATIONS OF 445.252 PROHIBITED ACTS AND**</u>

<u>**445.253 CEASE & DESIST ORDER**</u>

36.     Plaintiff realleges all prior paragraphs of this complaint as though fully set forth herein.

37.     At all relevant times there was in effect the Regulation of Collection Practices Act 70 of 1981.

38.     Section 445.252 of the Act provides, in pertinent part a regulated person shall not commit one (1) or more of the following acts:

(a)     Communicating with a debtor in a misleading or deceptive manner;

(b)     Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of the communication when it is made in connection with collecting a debt;

(c)     Misrepresenting in a communication with a debtor one (1) or more of the following:

(1)     That non-payment of the debt will result in garnishment or attachment of the debtor's property;

(d)     Communicating with a debtor, except through billing procedure when the debtor is actively represented by an attorney, and has the attorney's name and address, unless the attorney representing the debtor fails to answer written communication or fails to discuss the claim on its merits within thirty (30) days after receipt of the written communication;

(e)     Using a harassing, oppressive, or abusive method to collect a debt,

including causing a telephone to ring or engaging a person in telephone

conversations repeatedly, continuously, or at unusual times or places

which are known to be inconvenient to the debtor;

(f)     Failing to implement a procedure designed to prevent a violation by a

collection company employee;

(g)     Employing a person required to be licensed under article 9 of Act No. 299

of the Public Acts of 1980, being sections 339.901 to 339.916 of the

Michigan Compiled Laws, to collect a claim unless that person is licensed

under article 9 of Act 299 of the Public Acts of 1980.

39.     Section 445.253 of the Act provides, in pertinent part a regulated person shall not

commit one (1) or more of the following acts:

(a)     If a regulated person fails to comply with a cease and desist order issued

pursuant to this act, the attorney general may commence an action in the

circuit court for Ingham county or in a circuit court for a county where the

person is doing business, to enjoin violations of the cease and desist order

to seek enforcement of a previously issued order.  The court may impose a

fine or not more than $500.00 for each violation of a cease and desist

order;

40.     In an action brought under this act, if the court finds that a regulated person has

willfully violated this act, the attorney general, upon petition to the court, may recover, on behalf

of the state, a civil fine not exceeding $500.00 per violation.

41.     A regulated person engaging in a recurring course of willful conduct in violation of this act shall be fined not more than $5,000.00 for the first offense, and not more than $10,000.00 or imprisoned for not more than one (1) year, or both, for a second or subsequent offense.

42.     A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act or practice in violation of this act may bring an action for damages or other equitable relief.

43.     In an action brought pursuant to subsection (1), if the court finds the petitioner, recovery shall be in the amount of actual damages or $50.00 whichever is greater.  If the court finds that a method, act or practice was a willful violation, the court may access a civil fine of not less than three (3) times the actual damages or $150.00 whichever is greater, and shall award a reasonable attorney's fees and court incurred in connection with the action.

## COUNT III

## VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

## M.C.L. 339.901 et seq.

44.     Plaintiff realleges all prior paragraphs of this complaint as though fully set forth herein.

45.     At all relevant times there was in effect the Michigan Occupational Code.

46.     In pertinent part a regulated person shall not commit one (1) or more of the following prohibited acts in 339.915:

   (a)     Communicating with a debtor in a misleading manner;

(b)     Making an inaccurate, misleading, untrue, or deceptive statement or claim in connection with collecting a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt;

(c)     Misrepresenting in a communication with a debtor one (1) or more of the following:

(1)     That non-payment of the debt will result in garnishment or attachment of the debtor's property;

47.     In pertinent part a regulated person shall not commit one (1) or more of the following prohibited acts in 339.918 (1):

(a)     Within five (5) days of the initial communication with a consumer in connection of a debt, collection agency shall send the consumer, unless the communication is in an initial communication or the consumer has paid the debt, a written notice containing the amount owed, date of the communication, name of the creditor and a statement specifying that unless the consumer, within 30 days after receipt of this notice, disputes the validity of the debt, or a portion of the debt, the debt will be assumed to be valid;

(b)     A statement specify that if the consumer notifies the collection agency within 30 days after receipt of this notice, that the debtor disputes the debt and the collection agency shall obtain verification of the debt ;

(c)     The failure of a consumer to dispute the validity of a debt under this

section shall not be construed as an admission of liability by the consumer

48.     As a result of the above violation of the Michigan Code, the Defendant is liable to

the Plaintiff for statutory damages, actual damages, costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the

Defendant, Money Recovery Nationwide d/b/a Nationwide Collection Agencies, Inc., for the

following:

a.     Actual damages;

b.     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.     Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.     Such additional and further relief as may be appropriate or that the

interests of justice require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

Dated: June 3, 2011                JOSEPH L. BERNWANGER, P.L.L.C.

By:  /s/Joseph Bernwanger (P71895)_____
Attorney for Plaintiffs
407 E. Grand   River Ave
Howell, MI 48843
(248) 629-0871
jbernwanger@yahoo.com